# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JAMES FERGUSON                                                  PLAINTIFF

V.                                   CAUSE NO. 3:16-cv-00237- CWR-FKB

TONYA MORGAN, ET AL.                                      DEFENDANTS

## ORDER

On October 23, 2017, this Court granted Plaintiff James Ferguson's motion seeking *in forma pauperis* status before the Court of Appeals. *See* Docket No. 60. Currently before the Court is Plaintiff's motion filed on November 13, 2017, requesting the Court to transcribe the January 18, 2017 omnibus hearing for appellate review. Docket No. 61. The motion is denied.

28 U.S.C. §753(f) provides, in part, that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." To succeed on a motion for production of transcripts at government expense, a party must also show why the transcripts are necessary for proper disposition of his appeal. *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citing *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). In *Harvey*, the district court granted the appellant *in forma pauperis* status, but did not order a free transcript for the appeal. In affirming the district court on appeal, the Fifth Circuit stated that "[the appellant] . . . demonstrated no particular need for a transcript nor has he raised a substantial question. . . . Moreover, in his briefs before this court, he has failed to bring to our attention any facts that might require close examination of the trial transcript." *Id*. at 571 (citations omitted).

As in *Harvey*, Plaintiff has requested transcription of a trial proceeding, yet has failed to demonstrate how the transcript is necessary to effectively litigate his appeal and has not provided the Court with any facts for which a close examination of the trial transcript is warranted. Nor has Plaintiff shown that his appeal is not frivolous and presents a substantial question.

Accordingly, Plaintiff has not satisfied his burden for obtaining a transcript at government expense. The motion is denied.

**SO ORDERED**, this the 7th day of January, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE